This action was begun before Starbuck, J., of the Forsyth County Court, and was heard on appeal by Harding, J., in the Superior Court. In September, 1920, S. R. Reymer, a clerk of the defendant Lefkowitz, in Winston, N.C. purchased of the plaintiffs, doing business in New York, a consignment of shirts amounting to $758.88, representing that he was the purchasing agent for the defendant. The goods were shipped to the defendant at Winston. The defendant testified that the clerk had no authority to make such purchase, and that he knew nothing of it until the box containing the shirts was delivered in front of his store in October, 1920. The defendant testified that as soon as he found that the box of merchandise was there he refused to have anything to do with it, and told Reymer that he had no authority to buy them. There was evidence that Reymer took some of the shirts out of *Page 274 
the box and sold them to a local merchant, Teichman Brothers, for $153. The box was then nailed up and shipped back to New York the same day. About sixty or ninety days thereafter, Reymer handed to the defendant the money received for the shirts sold to Teichman Brothers, and defendant gave him his check for $153, which was mailed to plaintiffs. There is no controversy that Reymer bought the goods representing that he was a buyer for Lefkowitz, and that the quantity and price of the goods were as stated. The plaintiffs, on receipt of the $153, returned it because there was written on it the words, "In full to date." There was correspondence and evidence introduced upon the disputed question whether Reymer was authorized to purchase the goods, and also upon the question of ratification. On the trial before Judge Starbuck, he instructed the jury that if they believed the evidence to return a verdict in favor of the plaintiffs for $758.88. On appeal to Judge Harding, he set aside the judgment below, and ordered a new trial, to the end that issues might be submitted to the jury as to the authority of Reymer to make the contract, and upon the question whether the contract had been ratified by the conduct of the defendant, from which judgment the plaintiff appealed.
There is a conflict of evidence upon both these points which, we think, is sufficient to justify and require that these issues should be submitted to the jury, as directed by the judge of the Superior Court, and his judgment to that effect is
Affirmed.